The County Park Commission of Camden County,
complainant-respondent,

*v.*

Clara R. Bigler et al., defendants-appellants.

[Argued October 25th, 1939. Decided January 25th, 1940.]

*Mr. Henry M. Evans* and *Messrs. Bleakly, Stockwell, Lewis & Zink* (*Mr. Henry F. Stockwell,* of counsel), for the complainant-respondent.

*Mr. Elmer G. Van Name,* for the defendant-appellant Mary S. Simon.

*Mr. Samuel Gelfund (Mr. Harry Grossman,* of counsel), for the defendants-appellants Clara R. Bigler, George E. Bigler and Joseph Varbalow.

The opinion of the court was delivered by

TRENCHARD, J.

The complainant below, invoking powers of eminent domain conferred by chapter 331 of the laws of 1926, instituted proceedings to take by condemnation lands owned by the defendants Bigler, and subject, with other lands, to a mortgage of over $30,000 held by the defendant Mary S. Simon. All these were parties to the original proceeding, which resulted in an award of $11,934. The complainant appealed to the circuit court, and secured a reduction to $10,165; but the mortgagee was not included in the appeal. About the same time the mortgage was foreclosed and sale made to the mortgagee after the award on appeal. But defendants Bigler, holding the judgment on the award, issued execution, and levied on funds in bank of the complainant, which faced with the award for which normally it would be liable on the one hand, and with the facts on the other that the mortgagee claimed not to be bound by such award on appeal, and to have acquired title to the lands by foreclosure sale, filed the present bill tendering the award to whomsoever the court should adjudge is entitled to it. The mortgagee Simon answered and counter-claimed, expressing a willingness to accept the award in lieu of the decree in foreclosure, and now reiterates such willingness.

We believe that there can be no doubt but that, under the circumstances disclosed by the record, a cause of action for equitable relief within the jurisdiction of the court of chancery was disclosed. *County Park Commission* v. *Bigler, 122 N. J. Eq. 74.* And we also believe that a decree was justified that the funds are impressed with a trust in favor of Simon, the mortgagee-purchaser, to whom the decree should award

the fund on condition that Simon convey the title free of all encumbrance *upon payment to her* of the consideration represented by the judgment of the circuit court with interest thereon.

We come now to an examination of the Simon appeal which is No. 206, which produces that result.

In her counter-claim she says: that she is the sole, legal and equitable owner of the premises in condemnation, and is willing and able to convey and deliver possession of the lands and premises unto the complainant, *in exchange for and upon condition of payment of the entire amount of said judgment with lawful interest thereon;* and she prayed that the complainant may be declared and decreed to hold the amount due on the said judgment in trust for her sole and exclusive benefit upon condition that she convey to the complainant the lands *and premises in its amended bill of complaint;* and that to avoid circuity of action, it be ordered and decreed that out of any funds tendered unto, or paid into this court, there be paid the amount of said judgment, with interest from January 10th, 1930, and costs of suit, unto her, *upon condition that she convey unto complainant a good title to the lands and premises.*

The learned vice-chancellor referred to and placed some reliance upon this offer on Mrs. Simon's part, in the following language: "In this cause the mortgagee, Mary S. Simon, who afterward became the owner of said lands, filed an answer and counter-claim in which she admits that the complainant is entitled to receive the legal title to said lands *upon the payment to her* of the amount of said judgment, and expresses her willingness to accept the award, as determined on appeal and represented by the judgment entered in the Circuit Court, and, *upon such payment, her willingness to convey* to the complainant good title to the lands and premises described in the condemnation proceedings and in the amended bill in this cause." And the court further said: "I have reached the conclusion that *the defendant Simon is entitled to have paid to her the amount of the judgment* entered in the circuit court, with interest thereon to the date of the filing of the bill herein, *upon condition, however, that she convey the*

*lands so condemned to the complainant free and clear of encumbrance."*

Now Mrs. Simon makes the point that title to her real property cannot be decreed to pass to the complainant, except upon payment of the purchase price unto Mrs. Simon *herself,* in conformity with her offer and the statute under which the complainant condemned the land.

Under the circumstances disclosed in the record the decree should have directed that Mrs. Simon convey to the complainant, and that the complainant *pay to Mrs. Simon,* and that it does not seem to do exactly. On the contrary, the decree calls for the passage of title *concurrently* with the payment by the depositary of the County Park Commission of Camden County (the First Camden National Bank and Trust Company), unto the *sheriff;* and it provides separately for payment by the sheriff to Mary S. Simon in the presence of a special master, without saying that both such transfers of the funds should be *simultaneous.* In fact, the decree goes even further and expressly provides that if Mrs. Simon should fail to deliver the title in the presence of the special master at the time specified (which she would surely do if she failed to receive the money), the title should, nevertheless, pass to the complainant. This leaves open the possibility of further delay, and of some further levy or subsequent seizure of the money in the hands of the sheriff (even though wrongfully and without Mrs. Simon's fault) interfering with the delivery of the money into Mrs. Simon's own hands, and so might deprive her of her property without just compensation. Furthermore, upon a supposition of a failure by complainant to pay or tender payment unto defendant Mary S. Simon, and her consequent failure to deliver a deed, title cannot be decreed to pass by operation of law solely because one person not in privity performs an unauthorized act with respect to another party not in privity; *i. e.,* payment of the judgment (at law) by the banking depositary of the complainant unto the sheriff.

Now the appellant Mrs. Simon is still willing to convey to the complainant upon payment to her (not to a third party in whose selection she has no voice) of the consideration

represented by the judgment entered in the Camden county circuit court, with lawful interest thereon; and we believe that the decree should so provide, and as so modified, will be affirmed.

No. 232 is the appeal of Clara R. Bigler, George E. Bigler and Joseph Varbalow from the same decree heretofore considered. Certainly there is no merit in this appeal. We find no fault with the opinion of the vice-chancellor, supporting his decree in so far as this appeal is concerned.

The issues dealt with by the vice-chancellor were not *res adjudicata*. The questions determined by him have not been determined by any other court, and no question of *res adjudicata* was or is involved. The circuit court did not undertake to decide the rights of the parties in this fund, and of course did not dispose of the merits of this controversy.

The decree below will be modified as herein indicated, and as so modified will be affirmed, without costs to any party as against others on these appeals.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.